# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:11 CV 303 RWS |
| AMERICAN CONTRACTING ENTERPRIZES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring this action to collect delinquent benefit contributions under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiffs have moved for summary judgment based on an audit of Defendant's business records. Although Defendant has submitted an affidavit opposing this motion, it has failed to present sufficient evidence demonstrating that genuine issues of material fact preclude summary judgment. Because the undisputed evidence demonstrates that Plaintiffs are entitled to judgment as a matter of law, I will grant Plaintiffs' motion.

I.  **Background Facts**

Defendant entered into a collective bargaining agreement ("Agreement") with Laborers Locals 42, 53 and 110, effective February 1, 2005 to the present. The Agreement requires Defendant to make contributions to the Construction Laborers Welfare, Pension, Training, Vacation, and SITE Advancement Funds on the basis of all hours worked by covered employees. The Agreement also requires Defendant to submit monthly contribution report forms and

authorizes the Laborers Funds to examine the payroll and related records to determine compliance with the Agreement's contributory requirements. The Agreement also requires Defendant to pay liquidated damages of twenty percent on delinquent contributions, in addition to interest, attorney's fees, court costs, and payroll examination fees.

On February 17, 2011, Plaintiffs filed their complaint alleging that Defendant owes delinquent fringe benefits for the period of February 1, 2005 through February 28, 2011. After Defendant failed to provide Plaintiffs with the information necessary to conduct a payroll examination—despite repeated requests for documents—Plaintiffs filed a motion to compel on April 4, 2012. Defendant consented to Plaintiffs' motion, thereby admitting that it had failed to produce information necessary to conduct a payroll examination. On April 19, 2012, I granted Plaintiffs' motion to compel and ordered Defendant to produce the requested documents.

On June 22, 2012, Plaintiffs filed a motion for contempt claiming that Defendant had not complied with the Court's order to produce the requested documents. Defendant did not file a response to Plaintiffs' motion for contempt and failed to appear at August 24, 2012 hearing on the motion. At the hearing, Plaintiffs' counsel explained that Defendant had not produced the requested documents and had ceased communications with the individual attempting to conduct a payroll examination. Accordingly, on September 6, 2012 I issued an order holding Defendant in contempt.

The accounting firm Wolfe-Nilges-Nahorski conducted a payroll examination of Defendant's records for the period of February 1, 2005 the present. The payroll examination revealed that Defendant failed to make contributions on a total of 19,422.00 hours and owed $295,174.57, which includes liquidated damages and interest. Additionally, Plaintiffs claim

Defendant owes accounting costs, attorney's fees, and court costs. Plaintiffs moved for summary judgment contending that Defendant owes $311,146.47 as a matter of law.

Although it did not bother to appear for the hearing on Plaintiffs' motion for contempt, Defendant did file an opposition to Plaintiffs' motion for summary judgment. Defendant raises four challenges to Plaintiffs' calculation of delinquent contributions: (1) that the payroll examination does not account for the Agreement's exceptions; (2) that the payroll examination includes individuals not in the collective bargaining group, including accountants, attorneys, trainers and salaried personnel; (3) that the payroll examination claims hours for subcontractor payments exempt from the collective bargaining agreement; and (4) that the payroll examination claims hours performed outside of the geographic are agreed to in the Agreement.

On November 30, 2012, I granted Plaintiffs' motion for an extension of the summary judgment briefing schedule so that it had sufficient time to verify the assertions Defendant made in its response. On December 12, 2012, I granted Defendant's motion for an extension of the summary judgment briefing schedule so that it could provide Plaintiffs with documents in an effort to resolve differences regarding the payroll examination report. As a result of Defendant providing some documents, Plaintiffs have since amended their requested damages. Plaintiffs removed the hours for employees Nick Borusivich and Eric Lindenhorst because these individuals are an accountant and an attorney, and are not covered under the collective bargaining agreement. Additionally, the hours attributed to employees Tarrel Williams and Mark McDaniel on job number 105064 have been removed because this job was located outside of the geographic jurisdiction covered by the collective bargaining agreement. Plaintiffs now claim that the total owed by the Defendant is $283,348.97, which is comprised of $186,343.11 in

contributions, $37,699.85 in liquidated damages, $43,334.11 in interest, $6,209.00 in accounting costs, $9,343.50 in attorneys' fees, and $419.40 in court costs.

## II.     Standards Governing Summary Judgment

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007).  Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.  "The basic inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Diesel Machinery, Inc. v. B.R. Lee Industries, Inc., 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted).  The moving party has the initial burden demonstrating the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011).  If the movant does so, "the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." Id. (internal quotation marks and citation omitted).

**III. Discussion**

ERISA directs employers to make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Section 502(g)(2) of ERISA allows plaintiffs to recover delinquent contributions as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of -
>     (i) interest on the unpaid contributions,
>         or
>     (ii) liquidated damages provided for under the plan in the amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Plaintiffs' submission of the collective bargaining agreement, affidavits, and the payroll examination report meets their burden of demonstrating that Defendant was obligated to make the claimed contributions and that it failed to do so. Plaintiffs made repeated attempts to gather additional documents from Defendant in order perform revisions to the payroll examination report, but Defendant was uncooperative. As a result of Defendant's failure to comply with my Order requiring production of the documents sought by Plaintiffs or even attend the hearing on

Plaintiffs' motion for contempt, I held Defendant in contempt.[1] To date, Defendant has not purged itself of the contempt and remains in violation of my Order. Because the Defendant refused to comply with my prior Orders and provide the documents necessary to verify Plaintiffs' damages, Plaintiffs were forced to make reasonable estimates based upon the documentation available to them. Upon such estimation, the burden shifts to Defendant to show that the estimate is wrong and to prove the exact amount owed. Zimmermann v. J&S Companies, Inc., No. 4:04-CV-979(CAS), 2005 WL 2874700, at *7 (E.D. Mo. Nov. 1, 2005); Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc., 30 F.3d 692, 696 (6th Cir. 1994); Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333, 1338-39 (9th Cir. 1988); Combs v. King, 764 F.2d 818, 827 (11th Cir. 1985). Defendant has fallen woefully short of its burden here.

In its opposition to summary judgment, Defendant challenges the veracity of the payroll examination report. However, Defendant's arguments rely heavily on an affidavit from Ashley Aherns, Defendant's president. Ahrens' unsupported, conclusory allegations that Defendant does not owe the amount claimed cannot defeat summary judgment. See Weger v. City of Ladue, 500 F. 3d 710, 728 (8th Cir. 2007) (holding that "unsupported, conclusory allegations…are insufficient to defeat a motion for summary judgment."). Aherns' general accusations that the payroll examination report is inaccurate, without corroborating evidence, are not sufficient for the Court to disregard the report, especially when any alleged inaccuracies are attributed solely to Defendant's intentional failure to produce documents needed to conduct the payroll examination. See Greater St. Louis Construction Laborers Welfare Fund, et al. v. D&H Concrete, Inc., No. 4:05-CV-2353(CEJ), 2008 WL 2437419, at *2 (E.D. Mo. June 12, 2008) citing Greater St. Louis Construction Laborers Welfare Fund v. Don Richardson Concrete Company, 775 F. Supp 1249,

---

[1] I ordered Defendant fined $200 per day for the first seven days it continued to be in contempt, $250 per day for the next seven days, and then $300 daily if Defendant's noncompliance continued.

1254 (E.D. Mo. 1991) ("The Court will not permit defendant to reduce its liability by alluding to inaccuracies when the fault for the inaccuracies lies squarely in defendant's lap.").

Defendant did submit documents allegedly showing that the payroll examination report wrongfully includes hours that are exempt from the Agreement for five employees: Roger Elswick [#46-4], Allen Welty [#46-5], Lawrence Finger [#46-1], Tarrel Williams [#46-7], and Wayne Crawford [#46-3]. However, in each instance, Plaintiffs demonstrated why the challenged hours were correctly listed as unreported in the payroll examination report. After Defendant filed its response to Plaintiffs' motion for summary judgment, I granted two extensions of the briefing schedule to afford Defendant yet another opportunity to produce documents supporting their contentions that that payroll examination report was inaccurate and needed revision. Plaintiffs have since revised their requested damages based on the minimal documentation Defendant provided. At this point, Defendant cannot point to any specific evidence that demonstrates that the payroll examination report is inaccurate, and Defendant cannot evade summary judgment by creating a sham issue of material fact.

Based on the undisputed evidence, I find that Plaintiffs are entitled to summary judgment against Defendant in the amount of $283,348.97, which is comprised of $186,343.11 in contributions, $37,699.85 in liquidated damages, $43,334.11 in interest, $6,209.00 in accounting costs, $9,343.50 in attorneys' fees, and $419.40 in court costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment [#44] is **GRANTED**.

A final entry of Judgment consistent with this Order and Memorandum will be entered this same day.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2013